**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Cush McDowell, | No. CV-11-0716-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Shelton Richardson, | |
| Defendant. | |

Petitioner Theodore Cush McDowell filed a motion for reconsideration of the Court's order of October 31, 2011 (Doc. 15) accepting Magistrate Judge Mark A. Aspey's Report and Recommendation ("R&R") and denying Petitioner's petition for a writ of habeas corpus.  Doc. 17.  The Court noted in that order that Petitioner had filed no objections to the R&R and accepted without review Judge Aspey's recommendation to deny the petition.  Doc. 15 at 1.  Petitioner has provided documentation showing to the Court's satisfaction that he filed objections to the R&R on October 6, 2011.  *See* Doc. 17.  The Court will grant Petitioner's motion for reconsideration and review Petitioner's objections to the R&R.

**I.    Background.**

On October 17, 2007, Petitioner was tried with four co-defendants before a pro tem Superior Court Judge and found guilty of one count of possession of marijuana for sale and one count of possession of drug paraphernalia.  *See* R&R, Doc. 14 at 1-2.  The trial court sentenced Petitioner to the five year presumptive term on the possession for sale offense and, after he refused to sign terms and conditions of probation on the drug

paraphernalia offense, sentenced him to the presumptive one year term on that offense, to be served concurrently with the possession for sale offense. *Id.* at 2. Petitioner appealed his convictions and sentences, asserting that (1) he did not knowingly and intelligently waive his right to trial counsel; (2) the trial court erred by sentencing Petitioner to a term of imprisonment for possession of paraphernalia because Arizona statutes mandated a sentence of probation; (3) the trial court erred by not establishing  it had jurisdiction over Petitioner's case because the court commissioners did not have authority to issue search warrants or preside over criminal trials and also failed to have loyalty oaths on file with the Arizona Secretary of State. *Id.* at 2-3. On June 4, 2009, the Arizona Court of Appeals denied Petitioner's claims on the merits, and on October 27, 2009, the Arizona Supreme Court denied review. *Id.* at 3.

On April 11, 2011, Petitioner filed a petition for federal habeas relief. Doc. 1. Petitioner raised the same three grounds he raised in state court, and he raised as a fourth ground that the trial court committed structural or fundamental error when it erroneously instructed the jury that it could convict him on coconspirator liability. Doc. 1 at 6-9. Petitioner also argued that his petition, though untimely, was not barred by the one year statute of limitations because at the time he was booked into prison he was unable to bring his legal papers or court transcripts with him. *Id.* at 14.

Judge Aspey recommended in the R&R that the Court deny the petition with prejudice because it is barred by the applicable statute of limitations and, in the alternative, because each of Petitioner's claims fails on the merits. Doc. 14 at 18. For the reasons that follow, the Court will accept the R&R and deny the petition.

**I.    Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**III.    Analysis.**

Petitioner has made no specific objections to the R&R's findings of fact and law. Though labeled "Objections to Report and Recommendation," Petitioner's objections never refer substantively to the R&R at all.  Instead, Petitioner makes the same arguments for equitable tolling of the statute of limitations that he made in his original petition and reply.  Compare Doc. 1 at 11 and Doc. 13 at 2-4 with Doc. 17 at 5-6.  Similarly, for each of Petitioner's substantive claims, Petitioner's objections merely incorporate – with some added details for claims one and three – the same arguments he made in his original petition and reply.  Compare Docs. 1 at 6-9 and Doc. 12 at 4-6 with Doc. 15 at 6-10. Even considering the added detail Petitioner adds from the pre-trial transcript with regard to his mental state when he waived his right to counsel (*see* Doc. 17 at 3-4), the Court finds that Petitioner is not entitled to relief because Judge Aspey determined that the state Court of Appeals had already conducted a "thorough and well-reasoned review" of this claim, including the facts of the case and relevant law, and that the state court's decision to deny relief was "was not clearly contrary to nor an unreasonable application of federal law."  Doc. 14 at 8-11.  The Court agrees with this conclusion.  Similarly, Petitioner's added detail with regard to his claim that the trial court had not established its jurisdiction is unavailing because, as stated in the R&R, the Court of Appeals found that Petitioner had conceded he was incorrect with regard to whether the named commissioners had correct documentation on file to exercise jurisdiction, and that court's findings of fact – unless shown to be incorrect by clear and convincing evidence – are binding on this Court.  *Id.* at 9, 12.  Judge Aspey has already addressed all of the remaining issues raised in the petition.  Merely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect.

The Court will deem Petitioner's mere recitation of his earlier arguments ineffective. This ruling comports with the clear language of Rule 72(b) that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's

disposition to which *specific written objection* has been made[.]" Fed.R.Civ.P. 72(b)(2) (emphasis added); *see Sullivan v. Schriro,* No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). The Court is relieved of any obligation to review a general objection to the R&R.  *See Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (stating that no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (same).

**IT IS ORDERED:**

1.     Petitioner's motion for reconsideration is **granted**.

2.     Magistrate Judge Mark E. Aspey's R&R (Doc. 14) is **accepted**.

3.     Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.

4.     The Clerk of Court is directed to **terminate** this action.

Dated this 7th day of February, 2012.

_____
David G. Campbell
United States District Judge

- 4 -