**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Cush McDowell,<br><br>               Petitioner,<br><br>v.<br><br>Shelton Richardson,<br><br>               Respondent. | No. CV11-0716-PHX-DGC<br><br>**ORDER** |

      On April 2, 2012, Pro Se Petitioner Theodore Cush McDowell filed a "notice to this Court to consider accepting Petitioner's notice of appeal from this Court's new final order entered on February 7, 2012." Doc. 27. Petitioner stated that he received an order from the Ninth Circuit Court of Appeals on March 27, 2012, informing him that it may not have jurisdiction over his appeal because he had not yet filed a notice of appeal with this Court. Doc. 27 at 1. Petitioner has attached a notice of appeal with a statement declaring that he mailed the notice to this Court from the Adams County Correctional Center on February 13, 2012.

      Federal Rule of Appellate Procedure 4(a)(1)(A) states that, in a civil case, a notice of appeal "must be filed with the district clerk within 30 days after the judgment of the order appealed from." Fed. R. App. P. 4(a)(1)(A). This rule applies to appeals in a habeas proceeding and is both "mandatory and jurisdictional." *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264 (1968) (quoting *United States v. Robinson,* 361 U.S. 220, 229 (1960)). The Court may extend the time for filing an appeal under Rule 4(a)(5) upon a motion filed within 30 days after the time for filing the notice

has expired and upon a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Petitioner did not file such a motion and does not ask the Court to extend the time for filing the notice of appeal under Rule 4(a)(5).

Rather, Petitioner asserts that his notice was timely because he mailed it on February 13, 2012. Petitioner appears to invoke Rule 4(c)(1), commonly referred to as the "prisoner mailbox rule," which states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).

Petitioner provides a statement at the bottom of his attached notice of appeal declaring that he "properly placed my NOTICE OF APPEAL in an envelope and mailed it at Adams County Correctional Center, P.O. Box 1600, Washington, MS 39190, on February 13, 2012." Doc. 27 at 6. Petitioner does not state whether the Adams County Correctional Center has a system designated for legal mail and whether or not he used that system. Even if Petitioner can show that he used the correct mailing system, Petitioner's statement does not meet the requirements of Rule 4(c)(1).

Petitioner's statement does not comply with 28 U.S.C. § 1746, as required by Rule 4(c)(1), because it does not attest to be true "under penalty of perjury." The statement also fails to state that first-class postage was prepaid as required by Rule 4(c)(1). As the Seventh Circuit stated in *United States v. Craig*, 368 F. 3d 738, 741 (7th Cir. 2004), "Rule 4(c)(1) requires the declaration to state only two things; 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger. Perhaps that is exactly what happened [in this case]."

Unlike other cases in this Circuit that have applied the "prisoner mailbox rule" to notices that arrived late but within a reasonable time after the claimed mailing (*see, e.g.*,

*Koch v. Ricketts*, 68 F.3d 1191, 1192 (9th Cir. 1995); *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009)), this Court also has no evidence in the form of a late-arriving notice of appeal that Petitioner ever mailed the notice as he claims.  Petitioner argues that his mail previously failed to arrive when he filed objections with this Court to Judge Aspey's Report and Recommendation ("R&R").  Doc. 27 at 1-2.  Petitioner then submitted a statement of charges to his inmate account, presumably listing mailing charges associated with his claimed filing (*see* Doc. 17), and the Court accepted for purposes of reviewing Petitioner's objections to the R&R that he had provided evidence of timely filing.  *See* Doc. 25 at 1.  In this motion, however, Petitioner has submitted no documentation other than his own statement, and has failed to comply with the specific requirements of Rule 4(c)(1).  Moreover, this motion does not involve objections to an R&R, but the timeliness of a notice of appeal which is mandatory for appellate court jurisdiction.  *See, e.g.*, *Browder,* 434 U.S. at 264.

Finally, the Court notes that the Ninth Circuit's order required Petitioner to show cause, within 21 days of the order, why the appeal should not be dismissed.  Doc. 27 at 4.  Petitioner does not claim that he complied with this requirement.

Because Petitioner has not complied with the requirements or Rule 4(c)(1) and the Ninth Circuit's order, his motion will be denied.

**IT IS ORDERED** that Petitioner's request to file a notice of appeal (Doc. 27) is **denied**.

Dated this 1st day of May, 2012.

_____
David G. Campbell
United States District Judge